### Emanuel G. Argo et al. v. Moses Fox et al.

1. JUDGMENTS—*When Voidable as to Creditors.*—A judgment fraud-
ulently confessed by a person for the purpose of preventing his creditors
from obtaining payment of their just claims, is voidable as against such
creditors.

Creditor's Bill.—Appeal from the Circuit Court of De Witt County;
the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court
at the November term, 1900. Reversed and remanded. Opinion filed
June 10, 1901.

MOORE, WARNER & LEMON, attorneys for appellants.

GEORGE K. INGHAM, attorney for appellees.

MR. JUSTICE BURROUGHS delivered the opinion of the court.
This was a creditor's bill filed in the Circuit Court of

Argo v. Fox.

DeWitt County, on August 30, 1897, by appellants, Emanuel G. Argo and William Argo, partners, doing business under the firm name of Argo Bros., and eleven others, as complainants, against appellees, Moses Fox and W. J. Thompson, partners, doing business under the firm name of Fox & Thompson, and Sarah Thompson, Ben Fox, John W. Thompson, The State Bank of Clinton and Minor B. Neal, sheriff of DeWitt county, as defendants.

The bill, among other things, avers that said Argo Bros. recovered a valid judgment before a justice of the peace of said county against said Moses Fox, of said firm of Fox & Thompson (said W. J. Thompson having absconded so he could not be served with process) for the sum of $60, owing Argo Bros. by said Fox & Thompson for rent of building occupied by the latter as tenants of the former, which judgment still remains in full force and effect, and unpaid. That said Fox & Thompson, about six months previous to the rendition of said judgment, engaged in the retail mercantile business in the city of Clinton in said county, and carried a stock of goods of the value of about $2,000; and while so engaged in said business, they, on August 10, 1897, confessed a judgment in vacation in the Circuit Court of said county in favor of the said The State Bank of Clinton for the sum of $280, and on the same day, in favor of the same party, they confessed another judgment for $80, and on August 12, 1897, they also confessed in the same court in vacation, judgments as follows: One in favor of said Sarah Thompson, wife of J. W. Thompson, for $528; another in favor of said John W. Thompson, a relative of said W. J. Thompson, for $678; and another in favor of one Ben Fox, a relative of said Moses Fox, for $1,132. And that the paintiffs in each of said judgments so confessed, caused executions to issue upon the date of their said judgments respectively, and placed them in the hands of the said Minor B. Neal as such sheriff, who had levied the same upon the entire stock of goods of said Fox & Thompson, and has taken and now has possession thereof.

And the bill charges upon information and belief, that

the said Fox & Thompson, at the time of the confession
and rendition of said judgments, were not indebted to the
said Ben Fox, Sarah Thompson and John W. Thompson,
or either of them, in any sums of money whatever, but that
each of said judgments were confessed and entered for the
fraudulent purpose of absorbing all the assets of said Fox
& Thompson and keeping them away from their *bona fide*
creditors, among whom were complainants; and that said
Ben Fox, Sarah Thompson and John W. Thompson colluded
with said Fox & Thompson for the purpose of having said
judgments entered and the said assets of said Fox & Thomp-
son sold to satisfy and pay the same so as to secure the
avails thereof to the use and benefit of said Fox & Thomp-
son.   And that as to the said two judgments in favor of
said State Bank, complainants know nothing of the *bona
fides* of the same.

And the bill further avers that it would be useless for
the complainants to take out an execution upon their afore-
said judgments, as the constable to whom it would have to
be directed, would have no right to levy upon said stock
of goods which is already in the hands of said sheriff, and
if the proceeds arising therefrom upon the sale thereof by
the sheriff, is allowed to be applied to the satisfaction of
said executions upon said fraudulent judgments, all of it
will be consumed, and complainants will be without any
remedy or means of satisfying their judgments aforesaid,
because said stock of goods is all the property owned by
said Fox & Thompson.

After averring that said stock of goods is perishable and
liable to deteriorate in value if kept on hand, the bill prays
that a receiver be appointed and empowered to take pos-
session and sell same and hold the proceeds, subject to the
final order of the court; and, in the meantime, that the
sheriff be enjoined and restrained from selling said stock
of goods under said execution, and applying the proceeds
arising therefrom to the satisfaction of the same; that
upon a final hearing the injunction be made perpetual, and
said fraudulent judgments be adjudged void as against the

rights of complainants, and that their said judgments be ordered to be paid by such receiver out of such proceeds, as well as the costs made in this proceeding.

Defendant W. J. Thompson was not served; all the other defendants were, and they, excepting the State Bank; made default. One J. W. Race, upon his motion, was permitted to become a party defendant to the bill and to answer and defend against the same, and he, by answer, sets up that he had purchased and had assigned to him and is the owner of said judgments of J. W. Thompson, Sarah Thompson and B. Fox, against Fox & Thompson, and denies that the complainants are *bona fide* creditors of said Fox & Thompson; and, while admitting the rendition of all the judgments as charged in the bill, denies that each of these he bought were not based upon a valid debt owing by said Fox & Thompson to the respective judgment creditors, to whom such judgments were respectively confessed; denies that the confession thereof was with the fraudulent intent charged, and denies all the fraud charged in the bill, and avers that the judgments so owned by him are still in full force and effect, and that by virtue of the levy of said executions upon said stock, he obtained a lien thereon, prior to any such by complainants, and prays that the proceeds arising from the sale made by the receiver appointed by the court, shall be first applied to the payment of the amount due him upon the judgments so purchased and owned by him.

The State Bank answered that they were not advised as to the validity of the claim made by complainants, and insist the judgments of the bank are valid, and that it is entitled to precedence from the proceeds of the sale of the stock of goods in the hands of the receiver appointed by the court.

The cause being at issue, was referred to the master to take and report the evidence. After the bill was filed, the temporary injunction prayed for was granted and a receiver appointed, who, under order of the court, sold the stock of goods to J. W. Race for $1,200.

The evidence being reported by the master, the cause was heard upon it and the pleadings, after which the court entered a decree directing the receiver to retain his disbursements and commissions, and then pay out of said proceeds, first, the cost of this proceeding; that then he pay to J. W. Race the sum of $679, with five per cent interest thereon from August 12, 1897, the interest being $108.45—total, $787.45—which represents the amount due upon the judgment confessed to John W. Thompson; that he next pay to J. W. Race the sum of $428, with five per cent interest thereon from August 12, 1897, the interest being $68.36—total, $496.36—which represents the amount due upon the judgment confessed to Sarah Thompson, after deducting $100 therefrom, to which extent the court holds it invalid; that he next pay to J. W. Race $160, with five per cent interest thereon from August 12, 1897, being $25.55—total, $185.55—which represents the amount due upon the judgment confessed in favor of Ben Fox, after deducting $972 therefrom, to which extent the court holds said judgment invalid; and that if any of said proceeds remain after that, then he should pay to the complainants in the bill the amount claimed by each in order of priority of judgment.

From that decree appellants alone prosecute an appeal to this court, and urge its reversal upon the sole ground that it is not supported by the evidence.

It appears from the evidence that Fox & Thompson were conducting a retail store in the city of Clinton, and being hopelessly insolvent and desirous of avoiding the payment of some of their debts, which far exceeded the value of their stock of goods, which was all the property they had, they gave to Ben Fox, a brother of Moses Fox, one of the partners, a note of $1,100, with a power of attorney to confess judgment upon it, when they only owed him $160; they also gave their note of $500, with power of attorney to confess judgment upon it, to Sarah Thompson, wife of W. J. Thompson, the other partner, when in fact they owed her nothing; and they also gave to John W. Thompson, a minor son of W. J. Thompson, their note for $650,

when in fact they owed him nothing. Upon those notes the three judgments mentioned in the bill were confessed to each of them respectively, for the purposes therein stated, and all the other judgments mentioned in the bill were rendered at the time, for the amounts and to those therein alleged.

We are of opinion that the evidence shows the judgment confessed in favor of Sarah Fox, the one in favor of John W. Thompson, and the one in favor of Ben Fox, were voidable as against appellants, who are judgment creditors of Fox & Thompson, upon valid indebtedness owing by them when said fraudulent judgments of Sarah Thompson, John W. Thompson and Ben Fox were confessed for the fraudulent purposes of preventing their creditors from obtaining payment of their just claims; and that the court erroneously decreed that the receiver pay J. W. Race, who owns said three voidable judgments, said sums of $787.45, $496.36 and $185.55 thereon, in priority to the judgment of appellants.

For which reason we will reverse the decree to the extent of such priority, and will remand the cause to the Circuit Court of DeWitt County for such further proceedings as to equity and justice appertain.

Reversed and remanded.